RESUMING OUR SESSION, WE'LL HEAR ARGUMENT NEXT IN NUMBER 2010-12-62. IN RE TANAKA. GOVERNOR GORENSTEIN. Good morning, Your Honor. I'm Charles Gorenstein from Birch, Stewart, Colash, and Birch for Appellant Tanaka. With me at the council table is Robert Webster and Michael Marion. The issue on appeal is whether a patent may be reissued under section 251 of the      The issue on appeal is whether a patent may be reissued under section 251 of the Patent Statute to add one or more narrower claims while retaining all of the original claims. This turns on the question of whether the erroneous failure to include the narrower claims amounts to claiming more or less than the patentee was entitled to claim. This is not a case of first impression. It was before this court's predecessor at least twice, and it was decided in the affirmative  In the present case, Tanaka retained in the reissue application all of the original claims, sought to add one dependent claim that was literally . . . It is, that very issue was before the court in Medrad, Medrad, Utah, and the court . . . that very issue, the language of the statute was presented to the court, and the court concluded that Medrad was a separate . . . another case which addressed the scope of section 251, and the very issue that the language of the statute perhaps does not encompass this kind of change to a patent in the issue. And Medrad, the court ruled that section 251 encompasses any change in a patent, the result of error in the original prosecution, which impacts the right of the patentee to claim the invention. And there are many other decisions which also address the scope and breadth of section 251, aside from the cases that addressed the same scenario that we're addressing today. Yeah, but how about dealing with language? The language of section 251? Yeah. Well, that was addressed directly in Medrad. No, but let's suppose that this is where we're considering this on a clean slate. Okay, clean slate. Section 251 says that if there was an error in the original prosecution without deceptive intention, and if the result of that is that the patent is wholly or partly inoperative or invalid, then reissue may be had to make whatever change is called for to the patent. It does not require that there be an error in an existing claim. It does not require that a particular existing claim have a problem. It requires that the patent be wholly or partly inoperative or invalid. Inoperative has been ruled to mean inoperative to fully and adequately protect what the applicant regards as his invention. You're not alleging here that any claim is invalid? That's correct. So you're placing reliance on the inoperative part of the statute? Yes. And the statute says inoperative, wholly or partly inoperative, by reason of the patentee claiming more or less than he had a right to claim. Correct. Now, it seems to me in some respects the board's decision is rewriting the statute to read by reason of the patentee claiming more or less than the broadest claim. That is exactly correct. The board, the solicitor's position, which follows the board decision, is that when a patentee says, I claimed more or less than I had a right to claim, then necessarily the patent owner must change the scope of the broadest claim. Now, I would grant the board the point that that is perhaps most often the situation that arises, but it is not limited to that. The board's decision means that any change to the scope of any claim narrower than the broadest claim is improper. Either broadening or narrowing or anything else, because all of the claims, all of the claims that are narrower than the broadest claim are subsumed within the broadest claim, and therefore there's no, quote unquote, error. There's nothing inoperative because the broad claim would come. That is the board's position, I believe. They say if anything within the umbrella of the claim, the broadest claim, need not be changed because it is ipso facto totally perfect, regardless of whether an error had occurred during prosecution, which would entitle the applicant, the patentee, to a reissue application. Now, if we agree with your position, does that mean that a patentee could come in and sort of file a, for lack of a better expression, a submarine reissue application? A claimant has broad claims, but those broad claims may be subject to attack, and a competitor comes along with a device that is covered by the broad claims, but just as a hedge, better put in a claim that's a dead ringer on the competitor's device. File a reissue and say, well, I made a mistake. I didn't put a dependent claim in at the time that read right on this future infringing device, but I'm going to do it now. There was no deceptive intent, and I've claimed less than I have a right to claim because I didn't put that dependent claim. The patent holder might be entitled to do that, but one thing that I believe there's no disagreement on is that Section 251 requires, as a right to proceed with a reissue, that there had been an error in the original prosecution without deceptive intention. I think we agree with the board that you don't get to do a do-over just because years later you think, might be good if I had a different claim. You don't? You agree with me? I agree. Section 251. Why isn't that this case? Well, this case is here because I believe the PTO has in fact expressed an unfounded fear that every patent owner will come back for a do-over. But isn't that what's going on here? No, it is not. Why not? Well, let me back up to answer your question. Section 251, as I said, is limited to the situation where there had been an error in the original prosecution without deceptive intent, and as a result of that error, the patent called for some sort of a change. Now, the question is, was there an error, or is this just a do-over? The USPTO... Why isn't this a do-over on these facts? The guy's concerned that his broader claim may be invalid, so he wants to have a narrower defunded claim to guard against that. Isn't that what happened here? That perhaps the record does not include any indication of the error that occurred in the prosecution of Tanaka's original patent. Well, if that's what he did try to do, why does the statute permit that? I thought you agreed a moment ago the statute didn't permit that. Well, no, if I may, I need to teach a little history here which explains why this is not really a problem. Section 251 is limited to a situation where a patent owner made an error without deceptive intention in the original prosecution, and as a result, there is something about the patent needs to be corrected. He can only proceed if it's based on such an error. Rule 175, as it existed until 1997, required a reissued applicant to submit a statement under oath to the U.S. Patent Office explaining how each error occurred without deceptive intention. The USPTO would then make a judgment that there was indeed a qualifying error. You may proceed with your reissue, or there was not. In 1997, the USPTO concluded that that determination was no longer necessary, and at that time Rule 175, and I'll quote, they said, this is in the Federal Register, a factual showing of how the errors to be corrected arose or occurred is not required. The requirement in former Section 1.175A5 that it be shown how the errors being relied upon arose or occurred without deceptive intent on the part of the applicant appears to be not required. So, the question is, how does that help? Well, the point is, they did not ask Tanaka, why are you here? What error did you make that led you to ask for a reissue? But he's doing it because he's afraid that the broader claim may be invalid. Well, we're not certain that's his reason. But if it were, he would agree it's impermissible. It is permitted. This Court has ruled on it. You can do the do-over. I thought you said a few minutes ago you couldn't. The, this Court, no, not as a do-over. I don't understand what you're saying. There are errors that occur at times in prosecution. That is what Section 251 is directed to, a miscommunication between client and counsel, a misunderstanding, a translation error. Some errors of law are included. If such an error occurred in prosecution without deceptive intent on the part of the patent owner, the patent owner can ask for reissue. The old rule was explain what error occurred so we know that you are here as a result of a, an error and you're not just here for a do-over. And a decision was made that this applicant is here properly or is not. I, I'm having, I think, a little difficulty, perhaps it's the same difficulty that Judge McLean by a do-over, the, the category of cases in which it wouldn't be permitted. I mean, suppose, for example, in the original prosecution, the prosecuting attorney had said, you know, of course we could throw in a, a few dependent claims but it's not worth fiddling with. Let's just go with the broad independent claim. And the, the, the applicant had said, that's fine, that's fine, let's go. And it later turns out that that independent claim is not as, as solid and firm as a bulwark against invalidity challenge. And they decide, let's go ahead and file reissue. Is that a do-over or would you say that's a case where they made an error, which was an error in judgment, even though it was adverted to? The way you just. I'm not sure what's a do-over. Your Honor, the way you described it, I would say that sounds more like a do-over. It sounds like certain things were put on the table, a decision was made, let's do it one way or another. But it was an erroneous decision, as it turns out. It was a mistake. But you'd say that's not an error. That, as I understand error, no, that is not an error. If, if that same result was based on some error of fact, a misunderstanding, miscommunication, and as I said, historically, you had to demonstrate that that is what occurred. There was some mistake of fact. So you're drawing a line between the error in this case, which was an error of misunderstanding of law and an error of judgment, as in not really fully appreciating the risk that you were putting your patent to. No, see this case. Because in the first, the former is this case and the latter is my hypothetical. I thought you were drawing a nice sharp line, or trying to draw a sharp line. Perhaps a confusing point here is that in this case, as in every case since 1997, the U.S. PTO has just said, state under oath that you made an error. And this applicant, whether required to or not, said the reason I did this is because I didn't understand American patent law, right? That's the gist. There were several oaths because there were several different attempted corrections. And as the PTO requires separate oaths for each error, to address each error. But the underlying error committed by Tanaka that led him to seek reissue, how it occurred is not in the record. He says, I did not fully understand the scope of the claims under U.S. law, right? That's at A219? That is in the record, yes. So that's his explanation. That's his error, right? No, that's not. That's his explanation for the error. That is a superfluous part of the record, Your Honor. That sounds like a strange comment, I realize. It does. There are two kinds of error that have been addressed in this case. One is the error in conduct, what went wrong in the prosecution that led the patent to be what it is instead of what it should have been. Then the other is the error in the patent. What needs to be changed in the patent? Those are two separate things. In this case, what went wrong in the course of Tanaka prosecuting his application is not in the record because the PTO does not require it to be set forth in any way, shape, or form. Well, there must be an allegation of error. There must be some statement of error. So where in the record is the statement of error? In the Tanaka Declaration, as is required by current Rule 175, there is a simple sworn statement that error occurred without deceptive intention. And as the PTO decided in 1997, they don't want to hear about how it occurred. Just swear it occurred and tell us what you want to change in the patent. So what's the error? The thing that needs to be changed in the patent is the addition of these. So what was the error? I do not know, Your Honor. It's not in the record. It was never required to be in the record. It sounds to me as though you're saying depending on what actually was it, the correction might be permissible or impermissible. That's correct. And it is strange. We are arguing about something the PTO does not require any longer because the PTO is saying if you simply want to add narrower claims, it doesn't matter what happened in prosecution. You cannot do that in reissue. But the fact is, there are many decisions that say, yes, you can add narrower claims without changing the original claims in a reissue under Section 251. The USPTO permits it routinely in many instances. But based on this fear of a do-over, they're saying you can do it except when we tell you we don't want you to. It's an arbitrary limitation they're creating. That's the problem here. The problem, it seems to me, is the competitor looks at this broader claim. And he says, well, that looks invalid to me. So I'm going to produce a competing product without worrying about whether I can be successfully sued for infringement. And some of the intervening rights gives him some protection but not complete protection. But it sounds to me as though you're saying that the applicant can have it both ways. He can keep the broader claim and introduce a narrower claim. Is that fair? Yes, that is what the law provides if there was an error in the original prosecution. And this whole question would go away, frankly, if the PTO would revert to original Rule 175 and say, when you come in for a reissue, tell us what went wrong. As Your Honor asked before, suppose they decided not to. And if the answer was, well, we thought about it, decided not to, that's a do-over. It was a decision they may regret. But it wasn't a mistake. Even if it's a mistake in judgment. And they say we made a terrible mistake in judgment. We really, we had an inexperienced patent lawyer who didn't appreciate the importance of the dependent claims because the person just didn't give it enough thought. That is not an error? I'd say that is not the kind of error that is included within 251. But being unfamiliar, you say this isn't a claim of error. But if one comes in and says, well, I was unfamiliar with American patent law practices, that would be an error. In some situations, an error of law is an error that is correctable. But there are many cases that address the range of errors that are permissible. And I would, as an example, if the same situation that you described earlier, the practitioner, the applicant, the patentee said, you know, this happened because, you know, a communication was directed at somebody who didn't reach them. There was an error in translation. So something was not put in a claim or was put in a claim. That would be a factual event, an event that is the error that led to the situation that would then exist in the patent as opposed to, yeah, we thought about it. We did it one way. Looking back, I wish we did it another way. That might be a regrettable decision, but probably not an error. Again, the USPTO used to address this directly and say, you can be here for a reissue or you cannot. And when a reissue application was properly before the office, there was no question that this change that is being argued about now was permissible, and it remains permissible today under Section 251 for many reasons. Why is there any, why should there be any qualification on what an error is? The statute simply says error. Why doesn't it cover any error, including an error of judgment, an error of inadvertence, an error of law, any error? There are factual errors, errors of judgment, some errors of law that have been permitted to be corrected under Section 251. I mean, there is the statute that protects the public in the sense of establishing intervening rights. So what would be the problem of saying this statute as a remedial statute would encompass any error, provided it's made without deceptive intent, where you claim more or less under  that is essentially how the court has viewed the statute throughout the many decisions that have addressed it. The Med Rat decision addressed the literal language of the statute and said it's broad enough to encompass any error that impacts the patentee's right to claim. But you don't seem to be taking that broad position. Well, we are taking that broad position. We've gone down a path of addressing some specific questions here today, but we do believe the statute is that broad. This is the State of Israel v. Brenner in terms of very broadly, the PTO has interpreted it very broadly, and In re Scudder is broad enough to correct an erroneous claim of joint inventorship. The PTO has agreed that the Handel and Muller decisions, at least— Some of these corrections seem to be outside the statute, like to provide the priority document or correct inventorship. Those things don't seem to be covered by the language of the statute. Your Honor, that's correct in the very same— But I guess I'm wondering whether under Supreme Court's decision in Grant, the statute is not the exclusive remedy, exclusive avenue of correcting an error, that there can be corrections of errors, for example, priority documents and things like that, which the statute doesn't deal with and which can be corrected nonetheless. Well, this Court has ruled that the statute is broad enough, and these various questions were raised in cases like State of Israel v. Brenner. How broad is the statute when it says claimed more or less? And this Court has determined that that means it encompasses anything that impacts the patentee's right to claim the invention. And so the statute is quite broad. Very well. We've run well over your time, but we'll preserve a couple of minutes for rebuttal since we've asked you a lot of questions. Thank you very much. And we'll hear next from Stewart. May it please the Court? There are two kinds of error that a reissue applicant needs to show in order to justify a reissue, error in the patent and error in conduct. Both the statute and the rules and the NPEPs require that a specific error in the patent be described, be mentioned in order to get a reissue under Section 251. Mr. Gornstein suggested otherwise, but that's not the case. Referring to, for example, Rule 175, 37 CFR 1.175A1, an applicant for reissue is specifically required not only to allege that the original patent is, as the statute says, wholly or partly inoperative or invalid by reason of a defective spec or drawing, or by reason of the patentee claiming more or less than the patentee has a right to claim in the patent, but must also state at least one error being relied upon as the basis for reissue. Is the Patent Office taking the position here that there was no error stated? That's correct, Your Honor. There's no error that resulted, well, there was no error that rendered the original patent wholly or partly inoperative or invalid by reason of claiming more or less than the patentee had a right to claim. Because the fact that a dependent claim was not included doesn't make any difference because it's all subsumed within the broadest claim. That's correct. As this Court said in Hewlett-Packard, any product that would infringe... As I asked Mr. Gorenstein, doesn't that mean you're rewriting the statute to mean by reason of the patentee claiming more or less than the broadest claim? I don't think, I wouldn't describe it as rewriting the statute. I think in this case and in most cases, in order to collect, excuse me, correct an over But here I think the allegation is that there was an underclaiming error. Didn't claim, I didn't include in my patent a dependent claim that I should have included had I known the intricacies of the U.S. practice. Well, it's not clear from the declaration because the declaration says the applicant believes he claimed more or less than what he had a right to claim. I realize that, but I mean, in effect, isn't that what he's saying? He's saying, listen, let me give you a hypothetical. You have one patent that has one claim, one independent broad claim, and then you have another patent that has the same broad claim and nine dependent claims that are narrower. The second patent, I would argue, is more valuable. It has greater operativeness because it has a full slate of claims, a broad to narrow scope that might otherwise withstand a validity challenge that the patent with just one claim wouldn't withstand. Isn't that encompassed within the statute? I don't think that is how this court has viewed what inoperative means. Inoperative means ineffective to protect the invention. Ineffective, not somehow susceptible under future circumstances. That's what the court said in Hewlett Packard. Both of the patents in your hypothetical would be equally operative because any device or the independent claim. Yeah, but you're focusing on infringement, but as you know, to sustain an infringement case, you have to prove that a claim that is not invalid is infringed. So validity is also part of the mix. That's correct. And the operativeness certainly has to reflect both of those things, does it not? I don't believe that's the way this court has viewed operative. Operative doesn't include concerns about validity. Validity is under the validity provision. That's correct, Your Honor. That's exactly right. Inoperative means ineffective to protect the invention. Invalidity means it's just invalid. It's an invalid patent or the claims are invalid. In your hypothetical, both patents are equally effective because any device that infringes one would infringe the other. Of course, you're going to make the same argument with respect to claiming the benefit of priority where the only effect that that has is to change the date. And it may or may not have any relevance whatsoever to anything in terms of validity. Certainly, unless and until a reference within that one-year period is uncovered. That's correct, Your Honor. I believe the cases that have permitted perfection of priority claims via reissue don't address how that correction is within the scope of the literal language of Section 251, the State of Israel v. Britain. But it's a similar, it's a similar correction, is it not? I mean, it's not the correction of something that is like a missing antecedent or something, an error that's apparent on its face or an error that exists at the moment. It's a potential error. It is remedied by allowing the priority date to adhere. And similarly here, if this applicant was successful, the remedy would be allowing the dependent claim, the narrower claim, that they arguably would have put in there had they known what the law was in the first place. I think it's easier to identify the failure to perfect a priority claim as an error than the omission of a dependent claim. Because you can point to a statute or regulation that the applicant failed to abide by. And so you have an easily identifiable, readily identifiable error, readily corrected, which this Court has found, essentially despite the language of 251, should be correctable by reissue. Maybe it's just outside the statute entirely. I mean, Grant said there was a power to correct before there was a statute. Maybe there's some errors that the statute doesn't deal with that can be corrected. I think that's right, Your Honor. I think there are, as the Court said in Miller v. Brass, regardless of what the statute says, if there's a bona fide error, easily correctable and identified soon after the error is made, and its correction would relieve great hardship on the patentee, then that error should be corrected by reissue. But that doesn't mean that the statute itself permits correction. What's the problem here? Everybody's parsing the language of the statute in these projects. What's going on here? Why is, as I understand Tanaka, he's basically, at some point in time, saying, well, anything can be corrected. We won't put in a new claim. We can do it. What's the problem with giving the statute that kind of breadth? Is it a problem of a burden on the patent office? Is it a problem with the intervening rights provision not giving sufficient protection? What's the problem? What's the downside of reading the statute as permitting any kind of correction? I think the downside in a case like here, where there is a potential over-claiming error, as I believe Judge Bryson said, at bottom, the value in inserting an additional dependent claim is as a hedge against the possible invalidity of the independent claim. And so you have a potential over-claiming error that shifts the quid pro quo in favor of the patentee against the public. Well, wait a second. But doesn't the intervening rights statute address that question? Because if the dependent claim is a hedge against the broader claim being invalidated, and it turns out later on in the litigation that the broader claim is invalidated, then doesn't the accused infringer have intervening rights that can be relied on? The intervening rights provision generally works the opposite way. If a claim is broadened in a reissue, then the intervening rights under 252 gives the accused infringer some right to practice the invention. Either it can be an equitable right or a per se right. Here, however... The statute does refer to, you know, if a claim that is not this identical to, or substantially identical to, an original claim that is valid, then there's intervening rights. So if the broad claim, in other words, if the dependent claim was allowed for the purpose of just having a hedge, and it turns out later on that it was a good thing because the broad claim is invalidated, my understanding is that there would be intervening rights in that circumstance because the original claim would be invalid. Therefore, if the patent, if the accused can establish that, well, you know, I invested, I made an investment, et cetera, et cetera, in reliance, and now that broad claim is invalid, and the patentee is limited to the claim added in the reissue, the patentee is going to be stuck with the reissue date. Yeah, I agree with Your Honor. I believe that's an accurate... Doesn't that protect the public's interests? Basically, I would disagree with that, Your Honor. Basically, what it allows the patentee to do is protect him or herself from his or her over-claiming error, potential over-claiming error, without ever having to acknowledge the error or fix it. So what the patentee gets to do is protect himself, but still be able to license that overly broad claim within a certain modification. I want the patentee to come into the patent office and say, you know, I made an error, I over-claimed, and I want to fix that error, and I want to submit some dependent claims. And that's obviously not what's happening in this case, but if the patentee admitted to an over-claiming error, it wouldn't really make sense to, well, if the claim is not narrowed to reduce it to the appropriate scope, that wouldn't really make sense. More realistically, a patentee would come in and say, you know, I claim my invention broadly as I think I was entitled to, but I didn't put in the full range of claims scope that I'm entitled to submit because the patent office permits dependent claims, and I want to correct that error. A patent is not as valuable as it would have been had I done it. I think then we would look at how this Court addressed similar situations, and I believe the Court has not permitted the patentees to do whatever they could have done during the original prosecution by reissue because of the error requirement. For example, in Ray Weiler, this Court says that Section 251 does not authorize reissue for any and every invention for which one might find support in the disclosure. Weiler's reliance on allegations of the inventor's ignorance of drafting and claiming technique and counsel's ignorance of the invention is unavailable. Those allegations could be frequently made, and if accepted as mentioned in a disclosure. Section 251 does not authorize a patentee to re-present his application, and that's essentially, if interpreted the way Tanaka, Mr. Tanaka is suggesting, would simply allow the re-prosecution of an applicant, of a patent in reissue. So I see, oh I guess I do have a little more time. There are other cases like Hester Industries v. Stein, where this Court said not every event or circumstance that might be labeled error is correctable by reissue. Indeed, the reissue procedure does not give the patentee the right to prosecute de novo his original application. So the type of error that you're honor, I believe, would be considered error in conduct. You know, I didn't, potentially, I wanted to, or I suddenly realized that there's a better embodiment to protect, and that may be inadvertent, that may be completely, you know, completely inadvertent, but it's not an error in the patent, because it doesn't render the patent inoperative or invalid, and it's not claiming more or less than the patentee had a right to claim. What do you make of the word in the statute, deemed wholly or partly inoperative or invalid? I mean, deemed doesn't require a ruling or a decision, I take it. I mean, suppose the there to be a real problem with my broad claim. Now, I'm not conceding it, but I'm deeming it. I think it could be a problem. Would the patentee, under those circumstances, be entitled under the statute to the dependent claims? I know, your honor, the way this Court has applied Section 251, it has recognized that the applicant, the reissued applicant, must make a case for error, and on the record. So, his subjective view of potential error is insufficient. Okay, so what he does is, he says, you know what's happened? I filed, my patent issued on December 1st, and by gosh, on the 3rd of December, I got served with a complaint for declaratory judgment action by a potential accused infringer, and here's his complaint, and here's his motion for summary judgment on invalidity, and I'm concerned, frankly. Would that be specific enough to warrant relief under the reissued statute? I believe it would, if the patentee narrowed the claim that he's... So, you have to banish his large claim, his broad claim, but he could get the dependent claim. He would have to assert that the claim is, he claimed more than he had a right to claim, which is to be the potentially invalid broadest claim, and that potentially renders my patent at least partly invalid because of that claim. Again, you say, you know, he has to narrow his claim, because he, you know, he claimed more than he had a right to claim, but you're reading the statute as if it said he claimed more than he claimed, more than the broadest claims, but that he had a right to claim. He says, I'm a little concerned now that I've had this D.J. complaint filed against me. I'm a little concerned about the validity. I think I can withstand the challenge, but this is something I didn't fully appreciate before, but I appreciate it now, and so I may have claimed less than I had a right to claim, because I didn't include a dependent claim. As it has to do with scope, the scope, of course, is addressed in the last paragraph of section 251, talking about a broad reissue, talking specifically about enlarging the scope of the claims of the original patent. It's something completely different, it seems to me, than an error by virtue of the patentee claiming more or less than he had a right to claim. Well, let's see. First of all, in In Right Handle, this court's predecessor referred to claiming less than the patent he had a right to claim as referring to the number of claims, rather than the scope of the claims, which the court said is the statutory understanding of what claiming less than he had a right to claim means. So this court's predecessor signaled, I think, clearly that it believed that interpretation to be outside of the actual words of section 251, because it was not the statutory sense of claiming less than he had a right. Arguably, that was not the focus of that case. I would say definitely it was not the focus of that case. I mean, we have language going both ways here in different cases, and I don't think any of the cases really make a definitive ruling on this one way or the other. Is that fair? I think that's fair. The ultimate question is still open. I definitely agree with that. First principles, God forbid. Right, but I think the issue of what more or less, claiming more or less than the patent he had a right to claim, I think that is well settled. I think that's been settled since, at least since Miller v. Bridgeport-Rax. And this court has consistently limited that language to the scope of the claims. For example, In re Rogoff, this court's predecessor said that the only remedy for claiming less than you had a right to claim is to broaden the claims. And of course, that necessarily excludes adding additional dependent claims. More recently, this court in Slip Track said that reissue is only available if you can, if there's a defect in the specification drawing or the scope of the claims. So if you had a situation where somebody had claimed less than he had a right to claim, he'd have to surrender the narrower claims and go with the broader claims? No, I don't think so. I think, no, I disagree, Your Honor. I don't think he has to surrender anything. I think he has the right to, if you claim, I'm sorry, if you claim less than you had a right to claim, that means that there is disclosed but unclaimed subject matter. Let's suppose this case were the opposite, that the original claim had been a dependent claim, and he came in and said, I didn't have a broad enough claim. I want to have a claim that's as the broad claim that he's seeking to add. Would he have to surrender the narrower claim in order to get the broader claim? Not at all, Your Honor. Because the, you are broadening, you can still retain all of the original claims. There's no reason why you need to surrender a claim that is narrower than what you are, what you're entitled to claim. And as a matter of fact, that's what this patentee did originally. They submit their original application was to remove a couple of limitations in the single dependent or single independent claim, which would of course broaden all of the claims. So the bottom line is you're correcting the error that you have identified. If you've underclaimed, then you can expand the scope of your patent, which does not require abandoning or canceling narrower claims. You can still retain them as hedges. Very well. Any questions? We'll hear a rebuttal argument. Thank you, Your Honor. So is there any limit to the reissue statute? Yes, there is a limit. What's the limit? The limit is it applies only to situations where a patentee has made an error without deceptive intention. That's just reading the language of the statute. Which kind of situation? It is reading the statute. If there's a strategic error in claiming too much, you can always come in with a narrower claim and keep the original broad claim? I believe so. Yes. So why isn't that just like redoing the prosecution? Well, we've been discussing the error, which is the error in conduct that created the problem in the patent in the first place. The USPTO in this case never raised that issue because they never required Tanaka or any other applicant to address it. But it strikes me that there's no limit on the statute. It allows you to redo the whole prosecution. There is a limit. We weren't smart enough the first time around, so that's an error we can redo. No, that is not a proper error. The statute does not encompass the failure to pursue certain subject matter when a decision was made not to pursue it. You cannot recapture subject matter that you gave up and decided after the fact, shouldn't have given that up. The statute does not permit you to correct an error in an issued patent. It does not permit you to correct an error of failure to file to protect certain subject matter, such as in a divisional or continuation application. It does not permit you to make a correction that makes up for a gap in continuation of pendency. There are limits to Section 251. The limits that have been of such concern here about when is there a do-over versus when is there a legitimate error in the original prosecution is the subject of Rule 175, and as I've mentioned, and this is important, the PTO used to ask you, why are you here? What error did you make that entitles you to proceed under Section 251? They would pass judgment on a factual statement, and if they said, no, that's just a do-over, end of story, no more reissue application. They stopped doing that, and now they just ask you to swear you made this error without deceptive intent and point to the thing you want to change in the patent. That is what happened here. Now, in this case, the board said, oh, you can't do this. This is rooted, we respectfully submit, in the fear of a do-over. In the solicitor's argument in response to a question about State of Israel v. Brenner, the solicitor said, well, you can see in Brenner what the error was. He forgot to claim the priority, so it's easy to see there was an error to be corrected. So that's true. It was easy to see in a case such as the present, and in most cases under the present Rule 175, the USPTO doesn't know what motivated the patentee to come in and say, I need to reissue it. They just know he swore under oath I made an error without deceptive intention that led me to be here. If they would simply ask, what is your error? How did it occur as they used to do? They could say, oh, no, you're asking for a do-over. The only issue raised in this case is that you cannot simply add narrower claims. It's not within the scope of Section 251. But in fact, it is, and the PTO acknowledges it every day. Applicants come in. You can come in and have a reissue with a narrower claim. The question is whether you've got to surrender the broader claim. Right. And the PTO permits applicants to add narrower claims without surrendering the broader claims routinely. If they say, I want to go into an interference with that other patent or application, they say that's within the scope of 251 to simply add narrower claims. But if they can't see why you're there, there's this fear it must be a do-over. So therefore, the very same act within Section 251 is arbitrarily deemed impermissible. The statute does not say you can reissue if and list a series of qualifications. It says if you made an error in the original prosecution without deceptive intention, and as a result, your patent is wholly or partly inoperative or invalid, you may reissue. Very well. I think we've done well over time here. Very good. Thank you for your attention. Thank you, Mr. Weinstein. The case is submitted. Thank you.